MoKiNNEY, J.,
delivered the opinion of the court.
Smith, the complainant in one of the above cases— prior to the filing of the bill for divorce by Nancy McGhee vs. George McGhee—had become bound as the *223 surety of George McGbee, tbe defendant, as guardian of certain minors. Smith’s liability as surety at the time of Mrs. McGhee’s application for divorce, exceeded two hundred dollars. All the property of defendant McGhee having been attached at the instance of his wife, in the divorce case, and he having fled beyond the limits of the State, Smith interposed by bill in equity, to have as much of the property attached by the wife as might be necessary, appropriated to the discharge^pf liability as surety. To this bill Mrs. McC answer, resisting the relief sought, upon jferSunds technical. Pending the divorce ease, final decree, vesting the wife with title If to, the property attached, Smith discharged his liability sur&wkey;5*-"^^" the bond, by payment of the amount fouhTPs^gs*’ the hands of the guardian; and, thereupon, by a proceeding at law, obtained judgment against his principal, George McGhee, for the amount thus paid; and by the final decree in the divorce case, the property given to the wife, was charged with the payment of this sum to Smith.
In this, there was no error. The proviso to the 11 § of the act of 1835, introduces no new rule. Upon well established general principles of law, the claims of the husband’s bona fide creditors,, or liabilities properly incurred on his behalf, existing prior to the application for divorce, must prevail over the rights of the wife. We are not prepared to admit, that the term “creditors” used in the 11 § of the act of 1835, is to be taken in the restricted sense contended for by the counsel of Mrs. McGhee.
But upon this point, no opinion is called for in the *224 present ease, as Smith was a judgment creditor before the final decree, declaring the wife’s right to the property.
The decree will be affirmed.